## LOCKWOOD *v.* LOCKWOOD *et al.*

*(Supreme Court, Special Term, New York County.   June 25, 1888.)*

WILLS—PROBATE WITHOUT THE STATE—VALIDITY TO PASS TITLE TO LAND.

There was no proof that the witnesses to a will devising land in New York, executed in South Carolina, signed at the testator's request.  Only one was examined at the probate, and the absence of the others was not accounted for, and their handwriting was not proved.  *Held,* that the will was not executed or proven as required by the laws of New York, and that under Code Civil Proc. N. Y. § 2703, providing that where real property within the state is devised by a will valid by the laws of the state where executed, and which has been admitted to probate, and filed and recorded in that state, an exemplified copy may be recorded in any county where the real property is situated, the recording of the will did not make it effectual to pass title to real property in New York.

At chambers.   Motion to compel completion of a purchase of land.

The purchaser refused to complete his purchase because of alleged defects in the title.   The title is derived through the will of John N. Williams, who resided in South Carolina, and executed his will in that state.   The will was executed in the presence of three witnesses, and was proved in the court of ordinary of South Carolina, May 6, 1861.   An exemplified copy of the will and probate was recorded in the surrogate's office, New York county, where the land lies, June 24, 1872, pursuant to the act of April 23, 1864, (Laws 1864, c. 311, as amended by Laws 1872, c. 680, and Laws 1878, c. 324, re-enacted in Code Civil Proc. § 2703,) which provides that where real property within the state is devised by a will valid by the laws of a state where executed, and which has been admitted to probate, and filed and recorded in that state, an exemplified copy of the will may be recorded in any county where the real property is situated.

*E. H. Rockwell,* for the motion.   *C. L. Westcott,* opposed.

ANDREWS, J.   The attestation clause of the will does not state that either of the witnesses signed the will at the request of the testator, and there was no proof that the testator requested the witnesses to sign.   Only one witness was examined at the probate; the absence of the others was not accounted for, and there was no proof as to the handwriting of such absent witnesses. It is evident, therefore, that the will was neither executed nor proved in the manner required by the laws of this state, and I am of the opinion that the mere recording of the will, and of the proceedings taken for its probate, does not, either under section 2703 of the Code, or under the act of 1864, as amended in 1872 and 1878, make the will valid and effectual to pass the title of real property located in this state.   Compare *Bromley* v. *Miller,* 2 Thomp. & C. 575.   The motion to compel the purchaser to take title must therefore be denied, with $10 costs, the 10 per cent. and auctioneer's fees must be repaid, and the purchaser must be reimbursed for his expenses in searching the title.   The order will be settled on notice.